IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BOB ROBISON COMMERCIAL**
**FLOORING, INC.**                                                                                    **PLAINTIFF**

v.                                       Case No. 3:22-cv-00150-KGB

**RLI INSURANCE COMPANY**                                          **DEFENDANT**

<u>**ORDER**</u>

Before the Court is defendant RLI Insurance Company's ("RLI") motion to dismiss (Dkt. No. 10).[1] Plaintiff Bob Robison Commercial Flooring, Inc. ("Robison Flooring") responded in opposition (Dkt. No. 12), and RLI replied (Dkt. No. 13). For the following reasons, the Court denies RLI's motion to dismiss (Dkt. No. 10).

**I.**     **Background**

This is an insurance coverage case. On May 18, 2022, Robison Flooring filed a verified complaint against RLI in the Circuit Court of Craighead County, Arkansas (Dkt. No. 2). On June 22, 2022, RLI removed the case to this Court on the basis of diversity jurisdiction (Dkt. No. 1). On June 29, 2022, RLI filed a motion to dismiss (Dkt. No. 10).

The Court accepts Robison Flooring's factual allegations as true at this stage of the proceedings. *Blomker v. Jewell*, 831 F.3d 1051, 1054 (8th Cir. 2016) (internal citations omitted).

---

[1] RLI filed two motions to dismiss on the same date (Dkt. Nos. 9, 10). Based on the Court's review of the docket, RLI in its first motion to dismiss failed to file separately its brief in support (Dkt. No. 9). *See* Local Rule 7.2(a) of the United States District Court for the Eastern and Western Districts of Arkansas ("All motions . . . shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law."). However, RLI's second motion to dismiss is accompanied by a brief in support in accordance with Local Rule 7.2(a) (Dkt. Nos. 9, 10). The Court observes that the content of these filings is otherwise the same. For these reasons, the Court denies as moot RLI's first motion to dismiss (Dkt. No. 9).

The following facts relevant to the pending motion to dismiss are taken from Robison Flooring's complaint (Dkt. No. 2).

Robison Flooring is an Arkansas corporation with its principal place of business in Jonesboro, Arkansas (Dkt. No. 2, at 1).  RLI issued to Robison Flooring Policy Number ILM 0303051 ("the Policy"), with a policy period from June 11, 2021, to June 11, 2022 (*Id.*, at 3).  The Policy was in effect during all relevant times (*Id.*).

Robison Flooring was contracted to install a vinyl gym floor with basketball and volleyball line markings at the Trumann Middle School in Trumann, Arkansas (*Id.*, at 2).  After laying the floor, Robison Flooring subcontracted with Robert Liles d/b/a Robert Liles Parking Lot Services and RLPLS, LLC ("Liles Parking") to paint the lines and graphics on the gym floor (*Id.*).  According to Robison Flooring, Liles Parking completed the work in a negligent manner:  the lines were not properly spaced, the paint did not match the agreed color scheme, and paint spilled in multiple areas (*Id.*).  Robison Flooring states that the vinyl flooring was irreparably damaged by Liles Parking's faulty workmanship because the vinyl flooring was of a type that could not be repaired once painted or damaged (*Id.*).

The project owner and prime contractor immediately rejected the gym floor as painted by Liles Parking (*Id.*).  Because the paint had permanently bonded to the vinyl floor and could not be removed or repaired, the entire gym floor had to be removed and a new floor installed, with new lines and logos painted thereon (*Id.*).  The total cost incurred by Robison Flooring for removal and replacement of the gym floor was $181,415.39 (*Id.*).

Robison Flooring maintains that the Policy issued by RLI provides coverage for some of the losses Robison Flooring incurred as a result of Liles Parking's alleged negligence (*Id.*, at 2).

The Policy provides $500,000.00 in Installation Floater Coverage per jobsite (*Id.*, at 3).  The Policy provides in pertinent part as follows:

> "We" cover only the following property and only to the extent the property is not otherwise excluded or subject to limitations.
>
> 1. **Coverage** — "We" cover direct physical loss or damage caused by a covered peril to:
>
>    a.  "your" materials, supplies, fixtures, machinery, or equipment; and
>
>    b.  similar property of others that is in "your" care, custody, or control while at "your" "jobsite" and that "you" are installing, constructing, or rigging as part of an "installation project."
>
> 2. **Coverage Limitation** — Except as provided under Supplemental Coverages – Business Personal Property, "we" only cover materials, supplies, machinery, fixtures, and equipment that will become a permanent part of "your" completed "installation project."
>
> 3. **We Do Not Cover** — "We" do not cover materials, supplies, fixtures, machinery, or equipment that "you" are not or will not be installing, constructing, or rigging.
>
> 4. **We Do Not Pay** — "We" do not pay for any penalties for:
>
>    a.  noncompletion or late completion of an "installation project" in accordance with the provisions or conditions in the installation or construction contract; or
>
>    b.  noncompliance with any provisions or conditions in the installation or construction contract.
>
> 5. **Limit** — The most "we" will pay in any one occurrence for loss or damage to materials, supplies, machinery, fixtures, and equipment at any one "jobsite" is the Jobsite Limit indicated on the "schedule of coverages".
>
> . . .
>
> **PERILS COVERED**
>
> "We" cover risks of direct physical loss or damage unless the loss is limited or caused by a peril that is excluded.
>
> . . .

**PERILS EXCLUDED**

. . .

2. "We" do not pay for loss or damage that is caused by or results from one or more of the following:

. . .

>    d.  **Defects, Error, Or Omissions In Property** — "We" do not pay for loss or damage caused by or resulting from inherent defects, errors, or omissions in covered property (whether negligent or not) relating to:
>
>    1) design or specifications;
>
>    2) workmanship or construction; or
>
>    3) repair, renovation, or remodeling.
>
>    But if a defect, error, or omission as described above results in a covered peril, "we" do cover the loss or damage caused by that covered peril.

. . . .

(*Id.*, at 19, 24, 26). The Policy defines an "installation project" as "an installation or construction project including, but not limited to, a repair or maintenance project that involves the installation, construction, or rigging of materials, supplies, fixtures, machinery, or equipment." (*Id.*, at 3).

Robison Flooring submitted a claim under the Policy to recover the cost to replace the damaged flooring material, which RLI denied (*Id.*, at 4, 45–47). RLI determined that Robison Flooring's claim was excluded from coverage due to the Policy's faulty workmanship exclusion (*Id.*, at 4, 45–47).

Robison Flooring maintains that RLI improperly denied coverage (*Id.*, at 4). According to Robison Flooring, "while the [] Policy does not directly cover the subcontractor's negligent paint job, [the Policy] does cover the irreparable damage caused to the vinyl gym floor as a result of the subcontractor's negligence." (*Id.*, at 3–4) (citing *RLI Ins. Co. v. Willbros Const. (U.S.) LLC*, No.

4

H–10–4634, 2011 WL 4729866, at *3 (S.D. Tex. Oct. 5, 2011)).[2] Robison Flooring alleges that Liles Parking's improper and poor-quality painting of the basketball and volleyball lines caused direct physical loss or damage to the vinyl flooring material, requiring its replacement (*Id.*, at 4).

Robison Flooring filed its complaint against RLI seeking a declaratory judgment that the Policy provides coverage for the damage to the vinyl floor pursuant to the Arkansas Uniform Declaratory Judgment Act, Ark. Code Ann. §§ 16-111-101, *et seq.*, and Rule 57 of the Arkansas Rules of Civil Procedure (*Id.*, at 4–6).[3] Robison Flooring also asserts a cause of action against RLI for breach of contract for failing to pay Robison Flooring's claim under the Policy (*Id.*, at 6–7). Robison Flooring seeks damages in the amount of $181, 415.39, along with 12% statutory damages, pre- and post-judgment interest, and attorneys' fees (*Id.*). RLI moves to dismiss the entire complaint (Dkt. No. 10, ¶ 1).

---

[2] Robison Flooring contends that the court in *RLI Insurance Co. v. Willbros Construction (U.S.) LLC*, 2011 WL 4729866 (S.D. Tex. Oct. 5, 2011), found coverage under a similar policy provision for damage incurred to a natural gas line pipe resulting from a defectively drilled hole. Addressing the exclusionary provision in that case, the court explained:

> In effect, the exclusion eliminates coverage for the repair or replacement of defective workmanship while preserving coverage for damage that results from that defective workmanship. The exclusion protects the [insurer] from becoming the guarantor of the [insureds'] work, but it does not eliminate coverage for ensuing losses caused by defective workmanship—here, the damaged line pipe.

*Id.* at *3.

[3] The Court is authorized to declare the rights and duties and obligations of the parties with respect to a contract of insurance pursuant to Rule 57 of the Federal Rules of Civil Procedure and Arkansas Code Annotated § 16-111-101 to § 16-111-111. Federal courts with diversity jurisdiction apply the substantive law of the forum state. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

## II. Legal Standard

In a diversity suit, this Court applies "federal pleading standards . . . to the state substantive law to determine if a complaint makes out a claim under state law." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013). A Federal Rule of Civil Procedure 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive

issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Finally, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative record referenced in the complaint. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). "[D]ocuments necessarily embraced by the complaint are not matters outside the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (citing *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir.2004)). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti*, 666 F.3d at 1151.

The Court does not decide whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556. In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### III. Discussion

RLI moves to dismiss Robison Flooring's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 10). RLI argues that Robison Flooring's claims fail as a matter of law because Robison Flooring's claimed damage to the vinyl flooring is "unambiguously excluded" by the Policy's faulty workmanship exclusion, and "there was no ensuing loss resulting from that poor workmanship that could somehow trigger the ensuing loss provision." (Dkt. No. 11, at 15). RLI cites numerous non-controlling legal authorities in support of its position (Dkt.

No. 11). Further, despite filing its motion pursuant to Rule 12(b)(6), RLI purports to seek a dismissal with prejudice of Robison Flooring's claims (Dkt. No. 10, at 2).[4]

Robison Flooring maintains that it has pled sufficient facts that the Policy provides coverage for the cost to replace the vinyl flooring after it was irreparably damaged (Dkt. No. 12). Robison Flooring argues that, as a result and as measured by the appropriate legal standard, Robison Flooring has stated plausible claims for declaratory relief and breach of contract under Arkansas law (*Id.*). Robison Flooring asserts that, "[u]nder the plain and unambiguous terms of the Policy, 'if a defect error or omission. . . results in a covered peril,' such as irreparable damage to the gym floor, it is covered even if it results from negligent workmanship or construction." (*Id.*, at 8 (quoting Dkt. No. 2, at 26)). Robison Flooring further asserts that, to the extent there is any uncertainty as to the Policy's meaning, the Policy language must be strictly construed against RLI and in favor of Robison Flooring under Arkansas law (Dkt. No. 12, at 8). Robison Flooring also relies on non-controlling case law to support its interpretation of the Policy (*Id.*).

The Court understands that the parties agree that Arkansas law applies and that no Arkansas court has squarely confronted and addressed this legal issue (Dkt. Nos. 11, at 8; 12, at 5, 8–9).

At this stage in the proceedings, where all reasonable inferences must be drawn in Robison Flooring's favor and where neither party has presented to the Court controlling case law that clearly disposes of the matters, the Court concludes that Robison Flooring has stated plausible claims for declaratory relief and breach of contract. Accordingly, the Court denies RLI's motion to dismiss (Dkt. No. 10).

---

[4] The Court observes that RLI did not invoke either Federal Rule of Civil Procedure 12(c) or Federal Rule of Civil Procedure 56 in filing this motion. Given the briefs filed by the parties, it is not clear to the Court that the parties are prepared for the Court to enter a dispositive motion on the current briefing. Absent this, the Court will not convert RLI's current filing to a dispositive motion.

## IV. Conclusion

For these reasons, at this stage of the litigation, the Court denies RLI's motion to dismiss but, at this stage and on the record before it, engages in no analysis as to the merits of the noncontrolling legal authorities cited by both parties (Dkt. No. 10).

It is so ordered this 20th day of March, 2023.

_____
Kristine G. Baker
United States District Judge